UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**GUILLERMO GARCIA HEMBREE**,

    Plaintiff,

v.                                                                                            2:22-cv-562-SPC-NPM

**MICHAEL STEVE ROJAS**,

    Defendant.

## OPINION AND ORDER

Before the court are four motions filed by Plaintiff Guillermo Garcia Hembree, a prisoner of the Florida Department of Corrections. The first two seek appointment of counsel. (Docs. 54 and 61). Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants proceeding in forma pauperis when exceptional circumstances warrant. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *see also Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) ("The appointment of counsel is…a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." (citation omitted)).

In determining whether exceptional circumstances warrant appointment of counsel, the court considers various factors, including (1) the type and complexity

of the case; (2) whether the indigent plaintiff can adequately present his case, (3) whether the indigent plaintiff can adequately investigate the case, and (4) whether the evidence will consist largely of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

The court finds no extraordinary circumstances here to warrant appointment of counsel. Hembree sues Lee County Sheriff's Office deputy Michael Rojas for using excessive force during his arrest. This is a one-defendant, one-claim action. It is not complex, and inmates commonly litigate this type of action pro se. A review of the docket shows that Hembree has engaged in discovery with the defendant, and that the clerk issued and served subpoenas at Hembree's request under Federal Rule of Civil Procedure 45(a)(3). The discovery period ended on November 6, 2023, with no unresolved discovery issues raised with the court. Hembree has demonstrated an ability to investigate and present his case. Hembree's motions for appointment of counsel (Doc. 54 and 61) are **denied**.

In his Motion for Extension of Time (Doc. 62), Hembree requests a 60-day extension of the deadlines in the case management and scheduling order (Doc. 47). Only two deadlines are currently pending—one for a settlement report, and another for dispositive motions. The court finds no good cause to extend those deadlines. The basis of Hembree's request is too vague. He states that if the court does not

appoint counsel to represent him, he "needs time to read the procedures, and all the middle district rules along with appellate rules to be able to file the correct motions and follow all rules." (Doc. 62 at 2). Hembree filed this action over a year ago, and he has been actively litigating since then. He has had ample time to familiarize himself with the applicable rules. Hembree's motion for an extension of time (Doc. 62) is **denied**.

Finally, in his Motion for Leave of Court to Amend Pending Pleading (Doc. 69), Hembree seeks leave to add Sheriff Carmine Marceno as a defendant. (Doc. 66-1). It is too late for that. Hembree has already amended his complaint three times, and the discovery deadline has passed. Hembree makes no attempt to explain why he did not sue Marceno in a prior amendment.

Also, the proposed amendment appears futile. Because Marceno did not discharge or reassign Rojas before Hembree's arrest, Hembree seeks to hold Marceno responsible for the alleged use of excessive force. But he does not allege any prior misconduct by Rojas. Hembree also claims Marceno failed to adequately investigate the arrest, but he does not allege how any failure to investigate harmed him. Accordingly, Hembree's motion for leave to amend (Doc. 69) is **denied**.

**ORDERED** on December 5, 2023.

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE